UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOJO DEOGRACIAS EJONGA,<br><br>      Plaintiff,<br><br> v.<br><br>LAURA L. HOFFENBACKER et al.,<br><br>      Defendants. | CASE NO. C18-1443 TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

  Plaintiff JoJo Deogracias Ejonga filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 alleging that in 2012, defendants Laura Hoffenbecker, Roger Kellems, and Tamara Armatis violated his Fourth Amendment rights by taking his fingerprints while he was detained on murder charges without a warrant and for investigative purposes. Dkt. 5. The Court recommends dismissing the complaint because it alleges an act occurring more than six years ago and is thus time-barred. Because the untimeliness of the complaint is a fact that cannot be changed, leave to amend the complaint would be futile and the case should be dismissed with prejudice at this juncture. In addition, the allegations contained in the complaint indicate the complaint may be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Plaintiff is a prisoner serving a sentence at the State Penitentiary at Walla Walla. Dkt. 5 at 9. The complaint alleges the following: Plaintiff was arrested and booked into the King County Jail (Kent-RJC) on May 9, 2011, and charged with three counts of attempted murder in case number 11-1-05704-2. *Id*. at 2, 4. Plaintiff was also charged with the crime of "threatening" in case number 11-274679. *Id*. at 4. On January 11, 2012, defendants took plaintiff's fingerprints at the jail as part of the "threatening" crime investigation, although plaintiff avers he was told his prints were being taken for "Jail use." *Id.* at 5. Plaintiff felt he had no choice "but to comply." *Id*. at 5.

After plaintiff's fingerprints were taken, defendant Hoffenbecker, a detective, recommended plaintiff be charged with felony harassment. Plaintiff was never charged with that offense, but "the [fingerprint] evidence was used by the state in a different prosecution." *Id.*at 6. The complaint does not so state but ostensibly the "different prosecution" the prints were used for is the attempted murder charges for which plaintiff was convicted and is currently serving a sentence.

In 2017 plaintiff made a public records disclosure and learned the prints taken in January 2011 were used for "a criminal investigation," not for routine jail use. *Id.* at 6-7. *Id*. at 2. Plaintiff contends defendants violated his Fourth, Fifth and Fourteenth Amendment rights by obtaining his fingerprints without a warrant, and by misleading plaintiff regarding why the fingerprints were being obtained. *Id.* at 7-8.

**DISCUSSION**

**A.    Statute of Limitations**

Federal courts apply the applicable state statute of limitations for the jurisdiction in which

REPORT AND RECOMMENDATION - 2

the § 1983 claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*.

Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues "when the plaintiff knows, or should know of the injury which is the basis of the action." *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Although federal law determines when a claim accrues, federal courts must apply the applicable state rule for tolling that statute of limitations for actions brought under § 1983. *De Luna v. Farris*, 841 F.2d 312, 314 (9th Cir.1988). Under Washington case law, "[e]quitable tolling is a legal doctrine that allows a claim to proceed when justice requires it, even though it would normally be barred by a statute of limitations." *Trotzer v. Vig*, 149 Wash. App. 594, 203 n. 9 (Wash.Ct.App.2009) (citing *Millay v. Cam*, 135 Wash.2d 193, 206 (Wash.1998)). Washington courts "permit equitable tolling only sparingly." *Id*. at 1062 (citations omitted). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id*. (citation omitted.)

Here, the complaint alleges defendants violated plaintiff's rights by taking his fingerprints without a warrant in 2012. The claim thus accrued on that date because plaintiff clearly knew that his prints were taken, and that they were taken without a warrant.

REPORT AND RECOMMENDATION - 3

1  Because the complaint alleges plaintiff learned via a 2017 public disclosure request
2  defendants took the prints by deception, i.e., that they told plaintiff the prints were being taken as
3  a routine jail procedure, rather than for investigative purposes, the Court considers whether the
4  complaint should be deemed timely on equitable grounds. The Court concludes not. Plaintiff
5  knew his fingerprints were taken in 2012, and that he was charged in two separate criminal
6  matters: threatening (harassment) and attempted murder. He thus could have made his public
7  disclosure requests much earlier than 2017. Plaintiff also faced serious criminal charges and was
8  likely convicted in 2013 or 2014 because the state court of appeals affirmed his conviction for
9  attempted murder on May 26, 2015. *See State v. Ejonga,* 187 Wash App 1033 (Div. I, 2015).
10 Plaintiff thus had the incentive and time to make his public disclosure requests before the three
11 year statute of limitations expired. Instead he waited until 2017 to make his requests.

12  There is no reason justifying plaintiff's delay in making the request. Moreover, if
13 plaintiffs can wait for any period of time to make requests to uncover information not previously
14 known, but readily available during a time within the statute of limitations, then the limitations
15 period and the equitable tolling doctrine would be meaningless. The three years limitations
16 period could always be extended simply by waiting to make requests for information that could
17 have been made earlier. Here there is no reason why plaintiff did not timely make his public
18 disclosure request. He knew his prints were taken, and he knew he was charged in two separate
19 criminal matters. He now claims, years after the limitations period has expired, that his records
20 requests show the prints were taken for one of his criminal matters. This claim was discoverable
21 years ago. As plaintiff has failed to show due diligence, the statute of limitations should not be
22 tolled, and the case should be dismissed with prejudice.

23

REPORT AND RECOMMENDATION - 4

**B.     *Heck* Bar**

Plaintiff claims his fingerprints were obtained for use in a criminal investigation in violation of the Fourth, Fifth and Fourteenth Amendments. Ostensibly, plaintiff is claiming the fingerprint evidence was unlawfully obtained and used as evidence for the crimes for which he was convicted and is currently serving a sentence.

However, a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. at 487. "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996). The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here plaintiff has not shown the state courts have granted him relief from his conviction for attempted murder. He cannot pursue a § 1983 action for damages and or set aside his conviction as unconstitutional because his criminal conviction has not been invalidated in the Washington State courts.

**CONCLUSION**

For the foregoing reasons, this Court recommends plaintiff's complaint be dismissed with prejudice. Although plaintiff is a prisoner proceeding *pro se*, leave to amend should be denied at

this juncture. The untimeliness of the complaint cannot be cured.  Further to the extent the fingerprints were used as evidence to convict and sentence plaintiff, the complaint is *Heck* barred as plaintiff's attempted murder convictions have not been invalidated. As amendment of the complaint would be futile, the Court recommends dismissing the complaint.

### OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore Mr. Brooks should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned district judge enters a judgment in the case. Any objection to this report and recommendation must filed by **October 23, 2018**. The Clerk shall note the matter for **October 26, 2018**, as ready for the District Judge's consideration. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 9th day of October, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge