UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOJO DEOGRACIAS EJONGA,

Plaintiff,

v.

LAURA L. HOFFENBACKER, et al.,

Defendants.

C18-1443 TSZ

ORDER

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, Chief United States Magistrate Judge, docket no. 6. Having reviewed the R&R and plaintiff's objection thereto, docket no. 7, the Court enters the following order.

**Discussion**

Plaintiff pro se Jojo Deogracias Ejonga (also known as Jojo Ejonga-Deogracias) is currently incarcerated at the Washington State Reformatory Unit of the Monroe Correctional Complex, having been convicted on three counts of attempted murder in the first degree for which he was sentenced to 792 months in custody. *See State v. Ejonga*, 2015 WL 3385114 at *3 (Wash. Ct. App. May 26, 2015). In this action, plaintiff brings claims under 42 U.S.C. § 1983 against King County Sheriff's Deputy Laura L.

ORDER - 1

Hoffenbacker, Kent Police Officer (Retired) Rodger Kellams, and King County Fingerprint Technician Tamara Armatis, for collecting his fingerprints without a warrant on January 11, 2012, allegedly in violation of the Fourth and Fourteenth Amendments to the United States Constitution.  <u>See</u> Compl. (docket no. 5).  At the time his fingerprints were taken, plaintiff was detained in the King County Jail in connection with both the attempted-murder case and an investigation concerning threats to a prosecuting attorney.  According to plaintiff, he was misled by defendants into believing that the fingerprints were obtained for King County Jail use.  After the fingerprints were collected, Deputy Hoffenbacker recommended that plaintiff be charged with felony harassment, but the King County Prosecuting Attorney's Office did not pursue the matter.  Plaintiff alleges that the fingerprints were then used "in a different prosecution," <u>id.</u> at ¶ 22, namely, the attempted-murder case.

      The R&R recommends dismissing plaintiff's complaint on two grounds:  (i) the three-year limitations period applicable to a § 1983 claim in Washington; and (ii) the doctrine set forth in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  The R&R reasons that plaintiff's § 1983 claim accrued on the day the fingerprints were taken, January 11, 2012, that plaintiff did not initiate this litigation until October 1, 2018, over six years later, and that plaintiff has shown no reason why the limitation period tolled during the interim.  In his objection, plaintiff contends that he could not have made the public records disclosure requests pursuant to which he discovered the alleged fraud perpetrated by defendants earlier than in 2017 because he could not have requested what he did not know existed.  <u>See</u> Pla.'s Obj. at 6 (docket no. 7).  With his objection, plaintiff provided materials that

were not available when the R&R was prepared.  Whether plaintiff acted with reasonable diligence in learning of the facts underlying his § 1983 claims cannot be determined on this expanded record before the Court.  Moreover, even if the operative pleading is currently deficient with regard to the time-bar issue, the Court is not satisfied that plaintiff could not cure the problem by amending the complaint.  Thus, the Court does not adopt the R&R's recommendation to dismiss this matter with prejudice on the basis of the statute of limitations.

The Court is nevertheless persuaded that the complaint must be dismissed because it seeks to challenge the fingerprints used as evidence in the prosecution that resulted in the conviction for which plaintiff is currently serving a sentence.  As explained in the R&R, a § 1983 claim may not proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  R&R at 5 (docket no. 6) (quoting *Heck*, 512 U.S. at 487).  In his objection to the R&R, plaintiff contends that *Heck* does not preclude his claims because he is not asking for his conviction to be overturned or requesting damages, but rather merely seeking a declaratory judgment that defendants violated his constitutional rights.  *Heck*, however, applies "even when the relief sought is prospective injunctive or declaratory relief, 'if success in that action would necessarily demonstrate the invalidity of confinement or its duration.'"  *Martin v. City of Boise*, 902 F.3d 1031, 1043 (9th Cir. 2018) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).  Plaintiff's challenge concerning the manner in which his fingerprints were procured seeks retrospective relief

and implicates the constitutionality of his conviction and confinement, and it is therefore barred by *Heck*. This problem cannot be cured by amendment of the complaint.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The Report and Recommendation is REJECTED in part and ADOPTED in part. The complaint is hereby DISMISSED **without prejudice** pursuant to the favorable-termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny, and without leave to amend.

(2) The Clerk is directed to enter judgment consistent with this Order, to send a copy of this Order and the judgment to all counsel of record, plaintiff pro se, and Chief Magistrate Judge Tsuchida, and to close this case.

IT IS SO ORDERED.

Dated this 27th day of December, 2018.

Thomas S. Zilly
United States District Judge